## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **WAYNE A. WIGNES,** | ) | FILED: SEPTEMBER 4, 2008 |
| | ) | 08CV5047 |
| Plaintiff, | ) | JUDGE GUZMAN |
| | ) | MAGISTRATE JUDGE NOLAN |
| v. | ) | Case No.: |
| | ) | YM |
| **AON CORPORATION,** | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Aon Corporation ("Aon"), by and through its attorneys, submits its notice of removal in the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court on grounds of federal question jurisdiction. The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

1.      On or about July 1, 2008, Plaintiff filed the above-captioned action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division as Case No. 08 CH 23732 naming Aon as the sole defendant.

2.      Aon received a copy of the initial pleading setting forth the claim for relief upon which the action is based on August 7, 2008. This notice of removal was filed within 30 days of Aon's receipt of the initial pleading and within one (1) year of commencement of this action.

3.      In Case No. 08 CH 23732, Plaintiff alleges claims that are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. As a result, this Court has original jurisdiction over these claims pursuant to 28 U.S.C § 1331.

4.    This Court is the United States District Court for the district within which Case No. 08 Ch 23732 is pending.

5.    Copies of all process and pleadings served on Aon in Case No. 08 CH 23732, consisting of Summons and Complaint for Accounting are attached hereto as Exhibit A.

**WHEREFORE**, Aon Corporation, prays that the action now pending against it in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, be removed to this Court.

Dated:  September 4, 2008

Respectfully submitted,

**AON CORPORATION**

By:s/ Tracy L. Bradford
One of Its Attorneys

Tracy L. Bradford
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, IL  60601-1293
Telephone:    (312) 368-4000
Facsimile:    (312) 236-7516
e-mail:    tracy.bradford@dlapiper.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 4, 2008, she caused a copy of the foregoing *Notice of Removal* to be served via First Class Mail, postage prepaid, by causing same to be deposited in the U.S. Mail at 203 N. LaSalle Street, Chicago, Illinois, properly addressed to:

Attorney for Plaintiff

Roger J. Kelly
Law Offices of Roger J. Kelly
203 N. Michigan, Suite 4307
Chicago, Illinois 60601

s/Tracy L. Bradford

**Tracy L. Bradford**





RECEIVED
AUG 07 2008
LAW DEPT

## Notice of Service of Process

DXO / ALL
Transmittal Number: 5954713
Date Processed: 08/06/2008

| | |
|---|---|
| Primary Contact: | Dan Kasten Esq.<br>Aon Corporation<br>Aon Center<br>200 East Randolph Dr<br>Chicago, IL 60601 |

| | |
|---|---|
| Entity: | Aon Corporation<br>Entity ID Number 2141275 |
| Entity Served: | Aon Corporation |
| Title of Action: | Wayne A. Wignes vs. Aon Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 08CH23732 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 08/06/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Roger J. Kelly<br>312-938-4940 |

08CV5047

JUDGE GUZMAN

MAGISTRATE JUDGE NOLAN

YM

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT**

tabbies

A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

Wayne A. Wignes

v.

Aon Corporation, an Illinois Corporation

No. 08CH23732

Please Serve:
Aon Corporation
Registered Agent: Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

### ALIAS
### SUMMONS

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room _____802_____, Chicago, Illinois 60602

☐ District 2 - Skokie      ☐ District 3 - Rolling Meadows    ☐ District 4 - Maywood
5600 Old Orchard Rd.           2121 Euclid                        1500 Maybrook Ave.
Skokie, IL 60077               Rolling Meadows, IL 60008          Maywood, IL 60153

☐ District 5 - Bridgeview  ☐ District 6 - Markham            ☐ Child Support
10220 S. 76th Ave.            16501 S. Kedzie Pkwy.              28 North Clark St., Room 200
Bridgeview, IL 60455         Markham, IL 60426                  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 29 2008

WITNESS, DOROTHY BROWN
CLERK OF CIRCUIT COURT

Atty. No.: _____15077_____

Name: Roger J. Kelly

Atty. for: Plaintiff

Address: 205 N. Michigan Suite 4307

City/State/Zip: Chicago, IL 60601

Telephone: (312) 938-4940

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____(312)_____ _____938-4942_____
(Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

(Name all parties)

.Wayne A. Wignes

v.

Aon Corporation, an Illinois Corporation

No. 08CH23732

Please Serve:
Aon Corporation
Registered Agent: Illinois Corporation Service
Company
801 Adlai Stevenson Drive
Springfield, IL 62703

ALIAS
**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ____802____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date. JUL 29 2008

WITNESS, ___DOROTHY BROWN___,
CLERK OF CIRCUIT COURT

Atty. No.: ___15077___

Name: Roger J. Kelly

Atty. for: ___Plaintiff___

Address: 205 N. Michigan Suite 4307

City/State/Zip: Chicago, IL 60601

Telephone: (312) 938-4940

Service by Facsimile Transmission will be accepted at: _____

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(312)          938-4942
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

WAYNE A. WIGNES,                           )
                                           )
                Plaintiff,                 )
                                           )
        vs.                                )          08CH23732
                                           )
                                           )
AON CORPORATION, an                        )
Illinois Corporation,                      )
                                           )
                Defendant.                 )

## COMPLAINT FOR ACCOUNTING

NOW COMES the Plaintiff, WAYNE A. WIGNES, by and through his attorneys, LAW

OFFICES OF ROGER J. KELLY, and hereby presents his Complaint seeking an accounting

from the Defendant, AON CORPORATION, an Illinois corporation, of and for certain pension

benefits due to the Plaintiff from the Defendant:

### Factual Allegations Common to Both Counts of the Complaint

1.      The Plaintiff is and was at all relevant times a resident of the County of

Cook and the State of Illinois.  He is a former employee of the Defendant.

2.      The Defendant is and was at all relevant times an Illinois corporation duly

licensed to conduct an insurance business.

3.      This Court has both personal and subject matter jurisdiction over this

cause of action.

4.      The Plaintiff served as an employee of the Plaintiff for a continuous period

of time commencing on July 10, 1989 and continuing until June 12, 2007.

5.　　　The Plaintiff voluntarily terminated his employment with the Defendant on June 12, 2007.

6.　　　On or about January 1, 1989, the Defendant established a certain "AON CORPORATION EXCESS BENEFIT PLAN" (the Plan). Copy of said Plan is attached hereto as Exhibit A.

7.　　　The aforesaid Plan is an unfunded deferred compensation plan benefitting a select group of management or highly compensated employees of any subsidiary of Aon Corporation which has adopted the Plan.

8.　　　The Plan specifically states that it was being established to meet the requirements of a "qualified" retirement plan under Section 401(a) of the Internal Revenue Code of 1986, as amended.

9.　　　In his specific capacity as an employee of the Defendant, the Plaintiff became a "member" of the Plan on July 10, 1989.

10.　　　In his capacity as a "member" of the Plan, the Plaintiff was one of the person's whom the Plan was intended to benefit.

11.　　　The applicable benefits granted to Members under the Plan began to accrue to the Plaintiff immediately upon his employment on July 10, 1989.

12.　　　The Plan provided at Article VII that the Defendant's Board of Directors would reserve the right to amend the Plan, "but without the written consent of each Member as to his benefit hereunder, no such action may reduce or relieve the (Defendant) or any Subsidiary of any obligation with respect to any benefit accrued under the (Plan) by such member as of the date of such amendment or termination."

13.    On November 21, 2003, the Defendant adopted a "Fifth Amendment to the Aon Excess Benefit Plan." A copy of the said Fifth Amendment is incorporated as part of Exhibit A hereto. The said Fifth Amendment purports to cause a forfeiture of all benefits due under the Plan if the member shall engage in any business competition with the Defendant.

14.    The Plaintiff's consent or agreement to the aforesaid Fifth Amendment was neither sought nor obtained by the Defendant prior to the adoption of that amendment.

15.    The Plan provides in Article V that benefits will be paid to the member upon termination or retirement.

16.    The Plaintiff voluntarily terminated his employment with the Defendant on June 12, 2007.

17.    The specific amount of payments to which the Plaintiff then became entitled is not specifically stated in dollar amount in the Plan or in any attachment. Rather the formula for calculation of the amount of a member's benefit payment is set forth in the Plan at Article IV, Section 4.1(a) and (b) as follows:

"4.1   Amount of Pension Plan Benefits.   Except as provided in Section 4.2, benefits will be paid under the EBP, as provided in Article V, to a Member due to the Maximum Annual Benefits Limitation, an annual amount payable monthly equal to the amount by which (a) exceeds (b):

(a)    The amount of the annual benefit payable monthly which the Member would have been entitled to receive under the Pension Plan had the Pension Plan not applied the Maximum Annual Benefit Limitation in determining benefits payable from the Pension Plan. For purposes of this Section 4.1 the Annual Earnings used for determining benefits payable from the Pension Plan shall not be limited by the Compensation Limit.

(b)    The amount of the annual benefit payable monthly which the Member is entitled to receive under the Pension Plan.

18.    On February 19, 2008 the Defendant issued its initial denial of his claim for benefits, citing the provisions of the Fifth Amendment to the Plan pertaining to a forfeiture of benefits due to the Member's competition with the Defendant in business activities.

19.    Pursuant to Section 6.3(c) of the Plan, the Plaintiff subsequently presented to the Administrative Committee on Excess Benefit Plan his request for a review of the decision denying him Plan benefits.

20.    On May 14, 2008 the Plaintiff was informed by the Defendant that aforesaid Administrative Committee had rejected his appeal of the denial of benefits under the Plan. A copy of the letter confirming this denial is attached hereto as exhibit B.

21.    The Plaintiff maintains that the Defendant acted wrongfully and in violation of his rights under the Plan in denying him the benefits due to him under the Plan.

22.    The Defendant is in the sole possession and control of all books and records pertaining to the Plan to any rights that the Plaintiff might have in benefits under the Plan.  Specifically, the Defendant is in the sole possession and control of information pertaining to the amounts due to Plan members pursuant to Article IV, Section 4.1 (a) and (b).

23.    The Plaintiff does not have access to the information necessary to determine the amount of benefits which would be available to the Plaintiff under Section 4.1 (a) and (b) in the event it is determined that the Defendant acted wrongfully in denying benefits to him. That information is in the sole possession and control of the Defendant.

## Count I

1 through 23. The Plaintiff adopts and incorporates paragraphs 1 through 23 of the preceding Factual Allegations section of this Complaint as though fully set forth herein as paragraphs 1 through 23 of this Count I.

24.    The Fifth Amendment to the Aon Excess Benefits Plan described in paragraph 13 above and attached as part of Exhibit A to this Complaint is void and unenforceable as to the Plaintiff for the following reasons:

A.    The Fifth Amendment was adopted without any notice to or agreement by the Plaintiff. The change in the rights of the Plaintiff under the Plan were therefore unilaterally altered and reduced in a material way without the approval of the Plaintiff.

B.    The Fifth Amendment purports to alter and reduce the Plaintiff's benefits under the Plan without any consideration from the Defendant to the Plaintiff in exchange for the attempt to alter and reduce the Plaintiff's benefits under the Plan.

C.     The Fifth Amendment is void as contrary to the public policy of the State of Illinois in that it attempts to prevent his right to compete with the Defendant without the Plaintiff's consent and agreement and without the payment of any consideration for the alteration and reduction of benefits.

25.     The Plaintiff is rightfully due benefits under the Plan in accordance with the Plan provisions as set forth in Article IV, Section 4.1(a) and (b).

26.     The Plaintiff does not have sufficient information to determine the full and accurate amounts due to him under the aforesaid section of the Plan.

27.     A full and complete Accounting from the Defendant of all sums due to the Plaintiff under the Plan is required to determine the rights of the Plaintiff. The Defendant is in possession of all information necessary to prepare and present such an Accounting.

28.     The Plaintiff does not have a remedy at law adequate for a determination of the amount of benefits due to him as a result of the Defendant's wrongful denial of Plan benefits in that all information necessary to such a determination is in the sole possession and control of the Defendant.

29.     Irreparable harm will result to the Plaintiff if he is denied the relief sought here in that he will be denied his right to payment of benefits without any ability to determine the amounts due to him.

Wherefore, the Plaintiff requests that this Court:

A.     Order that the Defendant account to the Plaintiff for all benefit sums now due to him pursuant to Article IV, Section 4.1(a) and (b) of the Aon Excess Benefit Plan; and

B.    Enter a judgment in favor of the Plaintiff and against the Defendant in the amount due to the Plaintiff under Article IV, Section 4.1 (a) and (b) of the Aon Excess Benefit Plan; and

C.    Grant such further relief due to the Plaintiff as the Court deems just and equitable.

## Count II

1 through 23.  The Plaintiff adopts and incorporates paragraphs 1 through 23 of the Factual Allegations section of this Complaint as paragraphs 1 through 23 of Count II as though full set forth herein.

24.    The Fifth Amendment to the Aon Excess Benefit Plan described in paragraph 13 above and set forth as part of Exhibit A to this Complaint specifically provides that a denial of benefits due to business competition shall act as such denial only to benefits which have not yet accrued to the Plan member.  Under that amendment, only benefits accruing after the adoption of the Fifth Amendment would be subject to a denial or forfeiture as a result of any business competition by the Plan member.

25.    The Fifth Amendment was adopted and added to the Plan on November 21, 2003.

26.    As of November 21, 2003, the Plaintiff had accrued benefits under the Plan.

27.    The Plaintiff is, under the Fifth Amendment, rightfully due to the benefits which had accrued to him as of November 21, 2003 whether or not he had engaged in any business competition with the Defendant prior to that date.

28.    The Plaintiff does not have sufficient information to determine the full and accurate amounts due to him under the aforesaid section of the Plan.

29.    A full and complete Accounting from the Defendant of all sums due to the Plaintiff under the Plan is required to determine the rights of the Plaintiff. The Defendant is in possession of all information necessary to prepare and present such an Accounting.

30.    The Plaintiff does not have a remedy at law adequate for a determination of the amount of benefits due to him as a result of the Defendant's wrongful denial of Plan benefits in that all information necessary to such a determination is in the sole possession and control of the Defendant.

31.    Irreparable harm will result to the Plaintiff if he is denied the relief sought here in that he will be denied his right to payment of benefits without any ability to determine the amounts due to him.

Wherefore, the Plaintiff requests that this Court:

A.    Order that the Defendant account to the Plaintiff for all benefit sums now due to him pursuant to Article IV, Section 4.1(a) and (b) of the Aon Excess Benefit Plan; and

B.    Enter a judgment in favor of the Plaintiff and against the Defendant in the amount due to the Plaintiff under Article IV, Section 4.1 (a) and (b) of the Aon Excess Benefit Plan; and

C.    Grant such further relief due to the Plaintiff as the Court deems just and equitable.

WAYNE A. WIGNES
Plaintiff,

By: _____
Roger J. Kelly

Law Offices of Roger J. Kelly
205 N. Michigan Suite 4307
Chicago, IL  60601
312-938-4940
Atty No.: 15077

AON CORPORATION

EXCESS BENEFIT PLAN

TABLE OF CONTENTS

| Section | | Page |
|---|---|---|
| 1 | ESTABLISHMENT AND CONSTRUCTION..................... | 1 |
| 1.1 | Establishment..................................... | 1 |
| 1.2 | Purpose........................................... | 1 |
| 2 | DEFINITIONS AND CONSTRUCTION...................... | 2 |
| 2.1 | Definitions....................................... | 2 |
| 2.2 | Gender and Number................................. | 3 |
| 2.3 | Employment Rights................................. | 4 |
| 2.4 | Severability...................................... | 4 |
| 2.5 | Applicable Law.................................... | 4 |
| 3 | PARTICIPATION..................................... | 4 |
| 3.1 | Eligibility to Participate........................ | 4 |
| 4 | EXCESS PENSION PLAN BENEFIT....................... | 5 |
| 4.1 | Amount of Pension Plan Benefits................... | 5 |
| 4.2 | Eligibility for EBP Benefits...................... | 5 |
| 5 | FORM AND COMMENCEMENT OF PENSION BENEFITS......... | 5 |
| 6 | GENERAL PROVISIONS................................ | 6 |
| 6.1 | Administration.................................... | 6 |
| 6.2 | Appointment of a Delegate......................... | 6 |
| 6.3 | Claims Procedure.................................. | 7 |
| 6.4 | Expenses.......................................... | 8 |
| 6.5 | Indemnification and Exculpation................... | 8 |
| 6.6 | Corporate Action.................................. | 9 |

i

Exhibit A

AON CORPORATION

EXCESS BENEFIT PLAN

TABLE OF CONTENTS

Section                                                           Page

6.7     Interests not Transferable........................  9

6.8     Effect on Other Benefit Plans....................  9

6.9     Tax Liability...................................  9

7       AMENDMENT AND TERMINATION........................  10

        CERTIFICATION...................................  10

AON CORPORATION

EXCESS BENEFIT PLAN

## Article I. Establishment and Construction

1.1  **Establishment**.  Aon Corporation (the "Company") hereby establishes, effective as of January 1, 1989, an unfunded deferred compensation plan on behalf of a select group of management or highly compensated employees of any subsidiary of the Company which has adopted the Aon Pension Plan (the "Plan").  This document defines the provisions of such plan and shall be known as the "Aon Corporation Excess Benefit Plan."

1.2  **Purpose**.  The company maintains the Plan, which is intended to meet the requirements of a "qualified" retirement plan under Section 401(a) of the Internal Revenue Code of 1986, as amended ("Code").  The Plan contains certain restrictions that sometimes result in a diminution of benefits available to certain highly compensated employees.  This plan is established to replace benefits lost due to this diminution for eligible employees; and consequently it is intended to be an unfunded deferred compensation plan for a select group of management or highly compensated employees, as described in sections 201(2), 301(a)(3), and 401(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

1

## Article II. Definitions and Construction

2.1  Definitions.  The following terms shall have the meaning stated below unless the context clearly indicates otherwise.

(a)  "Actuarial Equivalent" means an amount equal in value to the benefit replaced as determined (i) in accordance with the terms of the Aon Pension Plan with respect to the determination of any form of benefit other than a single sum, and (ii) with respect to a single sum distribution, by using:  (A)  an assumed annual discount rate equal to the rate specified by the Pension Benefit Annuity Corporation (either immediate or deferred) for use in plan terminations in effect at the date of determination, and (B) assumed mortality in accordance with the 1984 Unisex Pension Mortality Table set back 2 years.

(b)  "Annual Earnings" shall have the same meaning as defined in the Aon Pension Plan.

(c)  "Beneficiary"  means  the  person  designated  by  a participant of each of the Plans to receive a benefit from each of such Plans on account of the participant's death.

(d)  "Code"  means  the  Internal  Revenue  Code  of 1986, as amended from time to time.

(e)  "Committee" shall mean the Organization and Compensation Committee of the Board of Directors of Aon.

(f)  "Company" shall mean all operating subsidiaries of Aon Corporation.

(g)  "Compensation Limit" means the limitation on the amount of Annual Earnings which may be considered after application of

2

Code Section 401(a) (17).

(h)  "Excess Benefit Plan" or "EBP" shall mean the benefit and contribution arrangements set forth herein.

(i)  "Maximum Annual Benefit Limitation" shall mean the limitation imposed by Code section 415 on benefits payable by defined benefit pension plans qualified under Code sections 401(a) including application of the combination limitations of Code section 415(e) to cause a further reduction, if any, of such benefits.

(j)  "Member" shall mean a person who accrues a benefit under this Excess Benefit Plan as provided in Section 3.

(k)  "Pension Plan" shall mean the Aon Pension Plan.

(l)  "Spouse" means the person to whom a Member is legally married under the laws of the State of the Member's domicile as of his date of death.

(m)  "Subsidiary" means a subsidiary of the Company designated by the Committee to participate in this Excess Benefit Plan.

Unless the context clearly indicates otherwise, terms not defined in this document shall have the meaning specified in the Pension Plan, as amended from time to time (if defined therein). Where the defined meaning is intended, the term is capitalized.

2.2  Gender and Number.  Except when otherwise indicated by the context, words in the masculine gender shall include the feminine and neuter genders; the plural shall include the singular and the singular shall include the plural.

2.3  Employment Rights.  Establishment of the EBP shall not

3

be construed to give any Member the right to be retained by the Company or any Subsidiary or to any benefits not specifically provided by the EBP.

2.4 <u>Severability</u>. In the event any provision of the EBP shall be held invalid or illegal for any reason, any illegality or invalidity shall not affect the remaining parts of the EBP, but the EBP shall be construed and enforced as if the illegal or invalid provision had never been inserted, and the Company shall have the privilege and opportunity to correct and remedy such questions of illegality or invalidity by amendment as provided in the EBP.

2.5 <u>Applicable Law</u>. This EBP is fully exempt from Titles II, III, and IV of ERISA. The EBP shall be governed and construed in accordance with Title I of ERISA and the laws of the State of Illinois.

<u>Article III. Participation</u>

3.1 <u>Eligibility to Participate</u>. An employee who attains age 50 shall participate in this Excess Benefit Plan with respect to a calendar year if the employee is or was a participant in the Plan, and a benefit becomes payable in such calendar year under Section 4.1 to that employee.

## Article IV.   Excess Pension Plan Benefit

4.1   Amount of Pension Plan Benefits.  Except as provided in Section 4.2, benefits will be paid under the EBP, as provided in Article V, to a Member due to the Maximum Annual Benefits Limitation, an annual amount payable monthly equal to the amount by which (a) exceeds (b):

(a)  The amount of the annual benefit payable monthly which the Member would have been entitled to receive under the Pension Plan had the Pension Plan not applied the Maximum Annual Benefit Limitation in determining benefits payable from the Pension Plan, For purposes of this Section 4.1(a), the Annual Earnings used for determining benefits payable from the Pension Plan shall not be limited by the Compensation Limit.

(b)  The amount of the annual benefit payable monthly which the Member is entitled to receive under the Pension Plan.

4.2   Eligibility for EBP Benefits.  No benefits will be paid under the EBP unless the Member, at the time of termination, death, disability or retirement, is credited with at least ten Years of Service for benefit computation purposes as defined in the Aon Pension Plan.

## Article V.   Form and Commencement of Pension Benefits

Benefits payable under this EBP shall be paid in the form and time prescribed below.

(a)  After the termination, retirement or death of a participant, benefits shall commence to be paid and shall be paid

5

in monthly installments to the eligible Member or surviving spouse, at the same time and the same manner and form as the benefit which the Member is entitled to receive under the Plan; provided, however, the Committee, in its discretion, may convert the benefits payable under this Excess Benefit Plan into an Actuarial Equivalent single lump sum form of payment or may direct the benefits to be payable in annual, semi-annual or quarterly installments.

(b)   In order to avoid constructive receipt of income by a Member, the Committee may require a Member to make certain irrevocable elections regarding the timing and form of payment of benefits hereunder.

## Article VI.   General Provisions

6.1   _Administration_.   This EBP shall be administered by the Organization and Compensation Committee of the Board of Directors of Aon.   The Committee shall have all necessary and appropriate powers, rights, duties, and obligations with respect to this Plan.

6.2   _Appointment of a Delegate_.   The Committee may appoint a Delegate (or Delegates), and may delegate and allocate to such agent all or a portion of their powers, duties, responsibilities and obligations hereunder, subject, nevertheless, to such policies and rules as may from time to time be established by the Committee. In the event of such delegation and allocation, the acts of the Delegate in administering and carrying out the provisions of the Plan shall in all respects have the same effect as the acts of the Committee, and the Delegate, in respect to the matters delegated

6

to him, shall have the same discretion as the Committee.  Any person who has been advised by the Committee of the delegation and allocation of any power, duty or responsibility to the agent shall be entitled to rely upon the directions of the Delegate in the same manner as though they were the directions of the Committee and such reliance may continue until written notice of the revocation of any such authority is received.

6.3  Claims Procedure.  Pursuant to Section 503 of ERISA the following claims procedure is established.

(a)  A timely written application for benefits shall be filed with the Delegate on a form prescribed by them.

(b)  If a claim is denied, in whole or in part, written notice of such denial shall be furnished to the applicant setting forth, in a manner calculated to be understood by him, the following:

(i)    The specific reason or reasons for the denial;

(ii)   A specific reference to pertinent Plan provisions on which the denial is based;

(iii)  A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(iv)   An explanation of the claim review procedure.

(c)  An applicant (or his duly authorized representative) whose claim has been denied in whole or in part may appeal such denial to the Committee by making a written request for a review and may review pertinent documents and submit issues and comments in writing.  A written request for review must be filed within 120

7

days of the date an applicant has been notified of the denial or partial denial of his claim.

(d)  The decision on review shall be made promptly and within 60 days of receipt of the request for review, shall be in writing, and shall include specific reasons for the decision, written in a manner calculated to be understood by the applicant, and specific references to the pertinent Plan provisions on which the decision is based.

(e)  The Committee shall have complete discretion as to whether a claim shall be allowed or denied.  The Committee's decision in this regard shall be final.

6.4  <u>Expenses</u>.  The expense of administering the EBP shall be borne by the Company and if not paid by the Company, by any trust fund established by the Company to satisfy the liabilities hereunder.

6.5  <u>Indemnification and Exculpation</u>.  The members of the Committee, its agents and officers, directors and employees of the Company shall be indemnified and held harmless by the Company against and from any and all loss, cost, liability, or expense that may be imposed under or reasonably incurred by them in connection with or resulting from any claim, action, suit, or proceeding to which they may be a party or in which they may be involved by reason of any action taken or failure to act under this EBP and against and from any and all amounts paid by them in satisfaction of a judgement in any such action, suit or proceeding.  The foregoing provision shall not be applicable to any person if the

8

loss, cost, liability, or expense is due to such person's gross negligence or willful misconduct.

6.6  Corporate Action.  Any action required of or permitted by the Company under this EBP shall be by resolution of its Board of Directors or any person or persons authorized by resolution of such Board of Director.

6.7  Interests not Transferable.  The interests of the Members and their Spouses under the EBP are not subject to the claims of their creditors and may not be voluntarily or involuntarily transferred, assigned, alienated, or encumbered.

6.8  Effect on Other Benefit Plans.  Amounts credited or paid under this EBP shall not be considered to be compensation for the purposes of a qualified pension plan maintained by the Company or any subsidiary.  The treatment of such amounts under other employee benefits plans shall be determined pursuant to the provision of such plans.

6.9  Tax Liability.  The Company or Subsidiary may withhold from any payment of benefits hereunder any taxes required to be withheld and such sum as such employer may reasonably estimate to be necessary to cover any taxes for which the Company or Subsidiary may be liable and which may be assessed with regard to such payment.

<u>Article VII.   Amendment and Termination</u>

The Company by action of its Board of Directors reserves the right to amend this EBP from time to time or to terminate the EBP at any time, but without the written consent of each Member as to his benefit hereunder, no such action may reduce or relieve the Company or any Subsidiary of any obligation with respect to any benefit accrued under the EBP by such Member as of the date of such amendment or termination.

<u>C E R T I F I C A T I O N</u>

The undersigned certifies that he is an executive officer of Aon Corporation, a Delaware Corporation, and that the foregoing Aon Corporation Excess Benefit Plan, with an effective date of January 1, 1989, was duly adopted and approved by the Board of Directors of Aon Corporation at meeting of said Board held on the 22nd day of July, 1988.

Dated this _____ day of _____, 1990.

First Amendment to the
Aon Corporation Excess Benefit Plan

Whereas, the Board of Directors of Aon Corporation desires to amend the Aon Corporation Excess Benefit Plan (the "Plan") pursuant to the Board's authority to do so under Article VII of the Plan;

Now, therefore, the Plan is amended as follows effective as of October 1, 1994:

Section 2.1(b) of the Plan shall be amended to read as follows:

(b) "Annual Earnings" shall have the same meaning as defined in the Aon Pension Plan, except that compensation deferrals and performance bonus deferrals under the Aon Deferred Compensation Plan shall be included in the definition for purposes of determining benefits under this Plan.

IN WITNESS WHEREOF, Aon Corporation hereby adopts the First Amendment to the Aon Excess Benefit Plan, effective as set forth above, as of this _16_ day of _Dec_ _, 1994.

AON CORPORATION

By: _____

Executive Vice President

Second Amendment to
the <u>Aon Excess Benefit Plan</u>

Whereas, the Aon Excess Benefit Plan (the "EBP") is generally effective as of January 1, 1989.

Whereas, the Board of Directors of Aon Corporation desires to amend the EBP pursuant to the Board's authority to do so under Article VII of the EBP.

Now, therefore, the EBP, as set out in the Restatement, is amended as follows, effective as of January 1, 1998:

<u>Section 4.3</u>. A new section 4.3 shall be added to the EBP to read as follows:

4.3    <u>Alexander & Alexander Services, Inc., Employees</u>. The amount of benefits as determined under Section 4.1 with respect to participants in the Alexander & Alexander Services, Inc., and Subsidiaries Supplemental Executive Retirement Plan for Key Employees and to participants in the Alexander & Alexander Services, Inc., and Subsidiaries Supplemental Executive Retirement Plan for Senior Management (the "A&A Plans") shall be reduced by any benefit computed under the terms of the A&A Plans.

<u>Section 4.4</u>. A new section 4.4 shall be added to the EBP to read as follows:

4.4    <u>Aon 1999 Voluntary Retirement Program</u>. In addition to benefits described in Section 4.1, benefits will be paid under the EBP in accordance with the terms of the Aon 1999 Voluntary Retirement Program (the "Program") to a Member: (a) who is a Participant in the Program; and (b) whose benefits under the terms of the Program are limited by the Maximum Annual Benefits Limitation or Compensation Limit. No benefits under the EBP shall be paid, however, with respect to any other voluntary, involuntary, or other retirement program, except as set forth under Section 4.1.

IN WITNESS WHEREOF, Aon Corporation hereby adopts this Second Amendment to the Aon Excess Benefit Plan, effective as set forth above, as of this _____ 23rd _____ day of _____ June _____, 1999.

AON CORPORATION

By:

Daniel T. Cox
Executive Vice President



Exhibit A

Third Amendment to the
Aon Excess Benefit Plan

Whereas, the Aon Excess Benefit Plan (the "EBP") is generally effective as of January 1, 1989.

Whereas, the Board of Directors of Aon Corporation desires to amend the EBP pursuant to the Board's authority to do so under Article VII of the EBP.

Now, therefore, the EBP is amended as follows, effective as of January 18, 2002:

Section 4.1    Subsection (a) of Section 4.1 shall be deleted and the following substituted in its place to read as follows:

(a)    The amount of the annual benefit payable monthly which the Member would have been entitled to receive under the Pension Plan had the Pension Plan not applied the Maximum Annual Benefit Limitation in determining benefits payable from the Pension Plan.   For purposes of this Section 4.1(a), the Annual Earnings used for determining benefits payable from the Pension Plan: (i) shall not be limited by the Compensation Limit; and (ii) shall not exceed $500,000 for plan years after 2001.

IN WITNESS WHEREOF, Aon Corporation has adopted this Third Amendment to the Aon Excess Benefit Plan, effective as set forth above.

AON CORPORATION

By:

John A. Reschke
Vice President

Fifth Amendment to the
Aon Excess Benefit Plan

WHEREAS, the Aon Excess Benefit Plan (the "EBP"), as amended, is generally effective as of January 1, 1989.

WHEREAS, the Board of Directors of Aon desires to amend the EBP pursuant to the Board's authority to do so under Article VII of the EBP.

NOW, THEREFORE, the EBP is amended as follows, effective November 21, 2003:

1.  The Fourth Amendment to the Aon Excess Benefit Plan, adopted October 20, 2003, is hereby repealed., effective November 21, 2003.

2.  A new Section 4.5 shall be added to read as follows:

4.5     Forfeiture of Payments Under Certain Circumstances.     A Member's right to receive any payments under the EBP, including any remaining payments if distribution of a Participant's Accounts under the EBP has commenced after the effective date of this Section 4.5, shall be forfeited if he or she:

(a)     is terminated for Cause.  For purposes of Section 4.5, "Cause" means the employee's (a) performing an act of dishonesty, fraud, theft, embezzlement, or misappropriation involving employee's employment with the Company; (b) performing an act of race, sex, national origin, religion, disability, or age-based discrimination; (c) violation of Aon Business Conduct Guidelines and the Aon Code of Ethics, or Company insider trading policies; (d) performing any act resulting in a criminal felony charge brought against the employee; (e) use of alcohol in such a manner as to interfere with the performance of duties for the Company or illegal use of drugs or controlled substances;

(b)     has, during or after employment, in the sole judgment of the Chief Executive Officer of the Company, after reasonable investigation, breached any of the following prohibitions:

(i)     Prohibition on Hiring.   Except with the prior written consent of the Chief Executive Officer of the Company or his designee, an employee or former employee shall not, until all of the benefits under this EBP are fully vested and distributed, induce or cause any person or other entity to induce any person who is an employee of the Company to leave the employ of the Company;

(ii)   <u>Prohibition on Competition</u>. Except with the prior written consent of the Chief Executive Officer of the Company or his designee, an employee or former employee shall not, until all of the benefits under this EBP are fully vested and distributed, Compete in any way with the Business of the Company.

(A) "Compete in any way with the Business of the Company" shall mean to enter into or attempt to enter into (on one's own behalf or on behalf of any other person or entity) any business relationship of the same type or kind as the business relationship which exists between the Company and its clients or customers to provide services related to the Business for any individual, partnership, company, association or other entity who or which was a client or customer of the Company in the 24 months prior to the end of employment or was a Prospective Client or Customer of the Company.

(B) "Business" shall mean the businesses of insurance and reinsurance brokerage, benefits consulting, compensation consulting, human resources consulting, managing underwriting, loss prevention, soliciting and servicing the insurance and reinsurance needs of commercial and individual clients and, with respect to each of the above, related services, including accounting, claims management and processing, information systems and actuarial services.

(C) "Prospective Client or Customer" of the Company means any individual, partnership, company, association or other entity to whom or for which a proposal for services was rendered by the Company during the six months prior to the end of employment.

(iii)   <u>Prohibition on Disclosing Trade Secrets and Confidential Information</u>. An employee or former employee shall not disclose or use during (except as required in the course of employment with the Company) or subsequent to the

termination of employment, any trade secrets or confidential or proprietary information of the Company of which the employee became aware by reason of being employed by the Company or to which the employee gained access during his employment by the Company and which has not been publicly disclosed (other than by the employee in breach of this provision) or fail, upon termination of employment, to promptly return to the Company all materials and all copies or tangible embodiments of materials involving any trade secrets or confidential information in employee's possession or control. Such information includes client and customer lists, data, records, computer programs, manuals, processes, methods and intangible rights which are either developed by the employee during the course of employment or to which the employee has access;

(iv)   <u>Other Prohibitions.</u> An employee or former employee shall not engage in any form of conduct or make any statements or representations that disparage or otherwise significantly harm the reputation, goodwill or commercial interests of the Company.

(c)    For purposes of Section 4.5 "Company" shall mean the Company and each of its subsidiaries.

IN WITNESS WHEREOF, Aon Corporation hereby adopts this Fifth Amendment to the Aon Excess Benefit Plan, effective as set forth above, as of this

21 day of November , 2003.

AON CORPORATION

By: _John S. Ceppler_

Its: _VICE PRESIDENT_

Sixth Amendment to the
Aon Corporation Excess Benefit Plan

.WHEREAS, the Aon Corporation Excess Benefit Plan (the "EBP"), as amended, is generally effective as of January 1, 1989.

WHEREAS, the Board of Directors of Aon Corporation desires to amend the EBP pursuant to the Board's authority to do so under Article VII of the EBP.

NOW, THEREFORE, the EBP is amended as follows, effective January 1, 2006:

Section 4.1    Subsection (a) of Section 4.1 shall be deleted and the following substituted in its place to read as follows:

"(a)    The greatest of:

(i)    the amount of the annual benefit which the Member would have been entitled to receive under the Pension Plan had the Pension Plan not applied the Maximum Annual Benefit Limitation in determining benefits payable from the Pension Plan. For purposes of this Section 4.1(a)(i), the Annual Earnings used for determining benefits payable from the Pension Plan: (A) shall not be limited by the Compensation Limit; and (B) shall not exceed $500,000 for plan years after 2001;

(ii)    the amount determined under Section 4.1(a)(i) as of December 31, 2005; or

(iii)    the amount of an annual benefit equal to one percent of the Member's Final Average Earnings multiplied by the Member's Years of Service, up to a maximum annual benefit equal $500,000 per year payable in the form of a single life annuity . For purposes of this Section 4.1(a)(iii), the amount of the Member's Final Average Earnings used for determining benefits payable shall not be limited by the Compensation Limit."

IN WITNESS WHEREOF, Aon Corporation hereby adopts this Sixth Amendment to the Aon Corporation Excess Benefit Plan, effective as set forth above, as of this ___8___ day of ___MAY___, 2006.

AON CORPORATION

By:

John A. Reschke
Vice President, Employee Benefits

CHIDMS1/630978.1

2

awards, and you did not see that as a problem. Please see the email attached hereto from Douglas Peterson to Patrick G. Ryan dated December 4, 1999. Moreover, you did not offer for the record on review any evidence that at any time anyone with Aon ever advised you that it had waived its right to seek enforcement of the obligations contained in its various agreements with you or in any benefit plan it provided to you. Consequently, based upon the record before it, the Committee found no merit in your position.

Finally, you contend that the non-compete provision contained in Section 4.5 of the Plan was introduced without mutual consent or specific consideration and is, therefore, unenforceable. You did not offer for the record on review any support for this argument, and it is the belief of the Committee that the Federal District Court for the Northern District of Illinois has previously rejected the same argument.

Very truly yours,

John A. Reschke
Vice President, Employee Benefits
On behalf of the Administrative Committee